No. 81 February 7, 2024 617

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMES CLARE WALSH IV,
*Defendant-Appellant.*

Clackamas County Circuit Court
20CR11620; A178543

Ulanda L. Watkins, Judge.

Argued and submitted December 22, 2023.

Anne Fujita Munsey, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

KAMINS, J.

Reversed and remanded.

**KAMINS, J.**

In this criminal appeal, defendant challenges the imposition of consecutive sentences after pleading guilty to attempted first-degree sexual penetration and first-degree sexual abuse. We reverse and remand for resentencing.

At his sentencing hearing, defendant attempted to argue that the counts arose from the same continuous and uninterrupted course of conduct, which, under ORS 137.123(4),[1] would require the imposition of concurrent sentences. The state objected, arguing that defendant had stipulated in the plea agreement to the court's authority to impose consecutive sentences. On that issue, the plea petition provides: "state may ask no more than 105 months consec to ct 4, defense may seek any sentence and/or concur to ct. 4[.]" An attachment[2] to the state's sentencing memorandum provides: "Defendant stipulates that the state may argue for and the court may impose consecutive sentences for [count] 1 and count 4." Because the state believed that that language precluded defendant from making legal arguments against the imposition of consecutive sentences, the court questioned whether the parties had a "meeting of the minds." The court reasoned that, if defendant pursued his legal argument that the court may not impose consecutive sentences, it would find that the parties did not have a stipulated agreement, it would "undo" the plea, and it would place the case on the trial docket. Under those circumstances, defendant decided to withdraw his legal argument. On appeal, defendant argues that the trial court erred in preventing him from making his legal argument challenging consecutive sentences.

A plea agreement is generally interpreted according to contract law. *State v. Heisser*, 350 Or 12, 23, 249 P3d 113 (2011). And "[w]hen considering a written contractual

---

[1] ORS 137.123(4) provides:

"When a defendant has been found guilty of more than one criminal offense arising out of a continuous and uninterrupted course of conduct, the sentences imposed for each resulting conviction shall be concurrent unless the court complies with the procedures set forth in subsection (5) of this section."

[2] The parties dispute whether that attachment is part of the plea agreement. Because it does not affect the outcome of this appeal, we do not resolve that dispute.

provision, the court's first inquiry is what the words of the contract say, not what the parties say about it." *Id*. at 25 (internal quotation marks omitted). Here, nothing in the plea agreement prevented defendant from arguing that the statute requires the imposition of concurrent sentences. Rather, defendant specifically preserved the opportunity to argue that the sentences should run concurrently ("defense may seek any sentence and/or concur to ct. 4"). The trial court therefore erred in concluding that the parties had not reached a plea agreement because there was no "meeting of the minds," and that defendant could therefore not raise his legal argument. *See id*. at 27 (holding that the "[d]efendant's agreement to permit the state to argue for a longer sentence did not waive his opportunity to make counterarguments supporting a shorter sentence"). Accordingly, we remand for resentencing to allow defendant to make his legal argument challenging the imposition of consecutive sentences.[3]

Reversed and remanded.

---

[3] The state also argues that defendant's argument is unpreserved because he withdrew his objection that the statute required the trial court to impose concurrent sentences. However, defendant withdrew that argument only because the trial court indicated that any such argument would "undo" the plea and the case would be set for trial. As we have explained, that reasoning was in error, so any failure to persist in making the argument does not render it unpreserved.